O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL AVILES, an individual; F.A., an individual by and through his Guardian Ad Litem DAISY RUIZ; ANTHONY AVILES, an individual and DAISY RUIZ, an individual,<br><br>        Plaintiffs,<br><br>   v.<br><br>DOLLAR TREE STORES, INC., a corporation; GREENBRIER INTERNATIONAL, INC., a corporation,<br><br>        Defendants. | Case No. CV 15-05565 DDP (AJWx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>[Dkt. 7] |

   Presently before the court is Plaintiffs' Motion to Remand. Having considered the submissions of the parties, the court denies the motion and adopts the following Order.

**I.   BACKGROUND**

   This is a products liability action brought by Plaintiffs Gabriel Aviles, F.A., a minor, (by and through Guardian ad Litem Daisy Ruiz), Daisy Ruiz, and Anthony Aviles ("Plaintiffs") against Defendants Dollar Tree Store, Inc. and Greenbrier International,

Inc. ("Defendants"). Plaintiffs are residents of California. (Notice of Removal at 2.) Defendants are corporations headquartered in Virginia with their principal places of business in Virginia. (Id.) Plaintiffs allege that on June 23, 2014 Gabriel Aviles suffered injuries on to his jaw caused by a can of "Goofy String" (the "Product") sold and manufactured by Defendants. (Declaration of Richard A. Crites Ex. 2.)

On February 2, 2015, Plaintiffs' counsel sent a Demand Letter ("Demand Letter") to Defendant Dollar Tree Store, Inc. (Crites Decl. Ex. 1.) The Demand Letter stated that Plaintiffs believed their claim was worth over $1 million. (Id.) On May 6, 2015 Plaintiffs filed their complaint ("Complaint") in state court. (Id. Ex. 2.) Defendants were served with the Complaint on May 22, 2015. (Id. ¶ 4.) On July 6, 2015 Plaintiffs served a Statement of Damages ("Statement of Damages") to Defendants in response to Defendants' Request for Itemization of Nature and Extent of Damages, claiming damages in excess of $75,000.00. (Motion, Ex.D.) Defendants removed the case on July 22, 2015. Plaintiff now moves to remand on grounds that removal was untimely.

**II.   LEGAL STANDARD**

District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). As the removing party, Defendant bears the burden of proving federal jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.

2

1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve doubts as to removability in favor of remand).

**III. DISCUSSION**

Normally, a defendant must file a notice of removal within thirty days of receiving a state court complaint. 28 U.S.C. § 1446(b)(1). "The right of removal is statutory, and the requirements strictly construed." Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). The parties agree that Defendants did not remove within thirty days of receipt of the state court complaint. However, Defendants contend that removal was proper under 28 U.S.C. §1446(b)(3), which allows for removal based on diversity jurisdiction "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Defendants argue that they did not become aware of the amount in controversy until they received Plaintiffs' Statement of Damages on July 6, 2015. Plaintiff argues that Defendants were well aware of the amount in controversy before that date because Plaintiffs sent a Demand Letter to Defendants on February 2, 2015, prior to commencing suit. The issue before this Court is whether a demand letter sent prior to filing a complaint constitutes "other paper" within the meaning of 28 U.S.C. §1446(b)(3).

3

In <u>Harris v. Bankers Life & Cas. Co.</u>, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." 425 F.3d 689, 694 (9th Cir. 2005). As Plaintiffs point out, a demand letter "generally can qualify as 'other paper' within the meaning of section 1446(b)." <u>Kuxhausen v. BMW Fin. Servs. NA LLC</u>, 707 F.3d 1136, 1141-42 (9th Cir. 2013). In the very same paragraph, however, the <u>Kuxhausen</u> court explained that "since all the other neighboring statutory terms, 'an amended pleading, motion, [or] order,' cannot logically precede the initial pleading, . . . 'other paper' does not embrace any document received prior to receipt of the initial pleading." <u>Id.</u> (citation omitted); See also <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 886 (9th Cir. 2010) (holding that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period."). Plaintiffs' Motion, although quoting <u>Kuxhausen</u> for the proposition that a demand letter qualifies as "other paper," makes no mention of the Ninth Circuit's subsequent qualification of that principle.[1]

Here, the Demand Letter was sent prior to the filing of the complaint. Therefore, the Demand Letter did not trigger the thirty-day removal period. The Complaint did not state an amount of damages. (Crites Decl., Ex. 2.) For purposes of removal, Defendants first became aware of the amount in controversy when Plaintiffs served them with the Statement of Damages on July 6,

---

[1] This is not a credible way to write a brief, and borders on sanctionable conduct.

4

1  2015.  As such, the thirty-day period to remove started on July 6,
2  2015.  Accordingly, Defendants' removal on July 22, 2015 was
3  timely. Plaintiffs' Motion to Remand is, therefore, DENIED.

5  IT IS SO ORDERED.

8  Dated: January 21, 2016

                                             DEAN D. PREGERSON
                                             United States District Judge